

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700                              973/645-2700
Newark, NJ 07102

March 24, 2006

Kenneth W. Kayser, Esq.
120 Eagle Rock Avenue
East Hanover, NJ 07936

    Re: <u>Plea Agreement with Terry Peppers</u> 06-614

Dear Mr. Kayser:

  This letter sets forth the plea agreement between your client, Terry Peppers (hereinafter the "defendant"), and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Terry Peppers to a two-count Information, which charges the defendant with: (1) Count One: knowingly possessing in and affecting commerce a firearm, namely, one .40 caliber semi-automatic handgun bearing serial number 462008, which was loaded with ten rounds of matching ammunition, after having been convicted of a crime punishable by imprisonment for a term exceeding one year in a court in the State of New Jersey, in violation of Title 18, United States Code, Section 922(g)(1); and (2) Count Two: knowingly possessing in and affecting commerce a firearm, namely, one Glock .40 caliber handgun bearing serial number ECT254, after having been convicted of a crime punishable by imprisonment for a term exceeding one year in a court in the State of New Jersey, in violation of Title 18, United States Code, Section 922(g)(1). If the defendant enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against the defendant for his possession and sale of a firearm on or about September 13, 2002 and his possession of a firearm on or about January 13, 2004, in Essex County in the District of New Jersey. However, in the event that the judgment of conviction entered as a result of this guilty

plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the defendant may be commenced against him, notwithstanding the expiration of the limitations period after the defendant signs the agreement. The defendant agrees to waive any statute of limitations with respect to any crime that would otherwise expire after the defendant signs the agreement.

Sentencing

The violations of 18 U.S.C. § 922(g)(1) to which the defendant agrees to plead guilty carry, with respect to each count, statutory maximum prison sentences of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon the defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence the defendant ultimately will receive.

Further, in addition to imposing any other penalty on the defendant, the sentencing judge: (1) will order the defendant to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order the defendant to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order the defendant, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, as respects each count may require the defendant to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should the defendant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, the defendant may be sentenced to not more than 2 years' imprisonment on each count in addition

to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on the defendant by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of the defendant's activities and relevant conduct with respect to this case.

### Stipulations

This Office and the defendant agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or the defendant from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and the defendant waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the defendant. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against the defendant.

No Other Promises

This agreement constitutes the plea agreement between the defendant and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: Serina M. Vash
Assistant U.S. Attorney

APPROVED:

Phillip H. Kwon, Chief
Violent Crimes Unit

I have received this letter from my attorney, Kenneth Kayser, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____   Date: 8/5/2006
Terry Peppers

_____   Date: 8/9/2006
Kenneth Kayser, Esq.

### Plea Agreement With Terry Peppers

### Schedule A

1. This Office and Terry Peppers recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and the defendant nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence the defendant within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and the defendant further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2005 applies in this case.

3. As respects Count One, the applicable guideline is U.S.S.G. § 2K2.1. Because the instant offense was committed subsequent to the defendant sustaining two or more felony convictions of either a crime of violence or a controlled substance offense, this guideline carries a Base Offense Level of 24.

4. As respects Count Two, the applicable guideline is U.S.S.G. § 2K2.1. Because the instant offense was committed subsequent to the defendant sustaining two or more felony convictions of either a crime of violence or a controlled substance offense, this guideline carries a Base Offense Level of 24. See U.S.S.G. § 2K2.1(a)(2).

5. The firearm which the defendant is charged with having possessed in Count Two was previously stolen. As a result, Specific Offense Characteristic § 2K2.1(b)(4) applies. This Specific Offense Characteristic results in an increase of 2 levels.

6. As respects Count Two, an adjustment for Specific Offense Characteristic § 2K2.1(b)(5) applies because the firearm in question was possessed in connection with another felony offense, namely the possession with intent to distribute a controlled substance. This Specific Offense Characteristic results in an increase of 4 levels.

7. The total offense level for Count Two is 30.

Grouping Analysis

        8. Pursuant to § 3D1.2(d) Count One and Count Two are grouped together. Pursuant to § 3D1.3, the offense level applicable to the Group is the offense guideline that produces the highest offense level. Thus the combined offense level is 30.

        9. As of the date of this letter, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if the defendant's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

        10. As of the date of this letter, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If the defendant enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition the defendant's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, the defendant will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

        11. In accordance with the above, the parties agree that the total Guidelines offense level applicable to the defendant is 27 (the "agreed total Guidelines offense level").

        12. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 27 is reasonable.

        13. The defendant knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level set forth in paragraph 11 above.

This Office will not file any appeal, motion or writ which
challenges the sentence imposed by the sentencing court if that
sentence falls within or above the Guidelines range that results
from the agreed total Guidelines offense level set forth in
paragraph 11 above. The parties reserve any right they may have
under 18 U.S.C. § 3742 to appeal the sentencing court's
determination of the criminal history category. The provisions
of this paragraph are binding on the parties even if the Court
employs a Guidelines analysis different from that stipulated to
herein. Furthermore, if the sentencing court accepts a
stipulation, both parties waive the right to file an appeal,
collateral attack, writ, or motion claiming that the sentencing
court erred in doing so.

       14. Both parties reserve the right to oppose or move
to dismiss any appeal, collateral attack, writ, or motion barred
by the preceding paragraph and to file or to oppose any appeal,
collateral attack, writ or motion not barred by the preceding
paragraph.