UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRY PEPPERS,<br><br>    Defendant. | Crim. No. 06-614 (KSH)<br><br><br><br>**Order** |

**Katharine S. Hayden, U.S.D.J.**

      **THIS MATTER** comes before the Court upon defendant Terry Peppers' letter filed on March 19, 2008, which requests information regarding whether his sentence may be modified in light of this Court's decisions in <u>United States v. Franz Copeland Sutton</u>, No. 07-426, 2007 U.S. Dist. LEXIS 79518 (D.N.J. Oct. 26, 2007), and <u>United States v. Richard Ortiz</u>, No. 06-858, 2007 U.S. Dist. LEXIS 87055 (D.N.J. Nov. 27, 2007).  In those cases, this Court granted downward variances based on conditions in the Passaic County Jail, a facility where Peppers spent a period of time during his pretrial confinement.  The Court deems his letter an informal application for sentencing relief and finds that, under the law, it has no jurisdiction to grant the relief sought by Peppers' letter request.

      Federal Rule of Criminal Procedure 35(a), which proscribes the limits within which a sentencing Judge may correct or reduce a sentence, provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  The term "sentencing," as used in Rule 35, "means the oral announcement of the sentence."  Fed. R. Crim. P. 35(c). Most importantly, Rule 35(a) is a jurisdictional restriction.  <u>See</u> <u>United States v. Bennett</u>, 423 F.3d 271, 277 (3d Cir. 2005).  The Court sentenced Peppers on May 21, 2007, almost a year before he filed his letter request on March 19, 2008.  Thus, any modification of a sentence handed down by this Court

beyond the 7 day period can only come by way of the appropriate appeals and/or post-conviction relief process.

There are strict rules governing the timing and substance of a direct appeal or post-conviction petition, and the Court does not comment upon the availability of either to defendant or the likelihood of success.

Good cause appearing,

**IT IS** on this 30th day of July 2008, hereby

**ORDERED** that defendant's letter request, which the Court deems to be an informal application for sentencing relief, is **denied**.

/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.